IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TINA SMITH, INDIVIDUALLY AND AS NATURAL MOTHER AND LAWFUL HEIR OF RAYMOND A. SMITH JR., DECEASED; | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14-00785-CV-W-SWH ) |
| MICHAEL KILGORE, et al., | ) ) ) |
| Defendants. | ) |

ORDER

Now before this Court is Plaintiff's Motion for an in Camera Review of Documents (Doc. #53). On June 14, 2016, this Court held a telephone conference regarding Plaintiff's Motion to Compel Production of Documents from Defendant (Doc. #48). Defendant objected to producing and withheld certain pre-employment records on the grounds that the request for production was "overly broad in time and subject matter. Further, this [request/interrogatory] is overly broad in that it requests information that is not relevant to any party's claim or defense. The requested information is not important in resolving any issue in this case." (Doc. #48-2, 5, 12, 14) Defendants also objected because certain requests were for an unrelated timeframe or subject matter and may contain documents of a sensitive nature. (Doc. #48-2, at 5, 12, 14) At that time this Court denied the motion except in regards to any material that would show a propensity toward violence, assaultive behavior, and/or excessive force. (Doc. #52) This Court further ordered the defendants to produce a document log of all documents, including those documents which have not been produced. (Doc. #52)

In her motion for an *in camera* review, plaintiff asserts that defendants' notation on the document log relating to certain pre-employment records is not helpful in determining whether "the propensity to be aggressive is presented . . . ." (Doc. #53 at 2) Plaintiff further identified a number of

1

factors[1] which she apparently believes would assist her in determining whether the officers involved had a propensity toward violence, assaultive behavior, and/or excessive force. (Doc. #53 at 2-3) Defendant has not filed a response to Plaintiff's Motion for an in Camera Review of Documents.

Discovery of non-privileged material is permissible where such material is "relevant to any party's claim or defense and proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1). "[A]fter the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." Cincinnati Ins. Co. v. Fine Home Managers, Inc., No. 4:09CV234-DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). The Eighth Circuit has found that a police officer's personnel file contains confidential information which should not be released absent a clear reason for doing so. Donald v. Rast, 927 F.2d 379, 381 (8th Cir.1991).

In its June 14, 2016 order, this Court determined that only the pre-employment records that are to be produced are those records showing a propensity toward violence, assaultive behavior,

---

[1] Those factors include: "What motivated the candidate to choose law enforcement; Issues of drug use; Personal biases of the candidate; Ability to tolerate stress; Whether the candidate is risk averse to certain groups; Whether the candidate is sensation/ thrill seeker; Whether the candidate has certain paranoias; Whether the candidate has obsessive compulsions; Whether the candidate has psychopathic impulsive tendencies; Whether the candidate has antisocial personality disorder; Whether the candidate has psychopathic deviant tendencies; Whether the candidate suffers from depression; Whether the candidate is schizophrenic; What triggers the candidates anger; When did the candidate lose the candidate's cool; Whether the candidate suffers from hypomania; Candidate's view of when it is appropriate to use physical force; Whether the candidate has impulse control; The candidate's conflict resolution skills; Whether the candidate was motivated by a desire for power or authority when the candidate applied to join the force; Whether the candidate has difficulty dealing with mundane tasks and is primarily motivated by excitement." (Doc. #53 at 2-3)

and/or excessive force. (Doc. #53 at 2-3) Although, plaintiff lists a number of factors that she contends may show such a propensity, she has not shown that any of those factors actually show a propensity toward violence, assaultive behavior, and/or excessive force. (Doc. #53 at 2-3) In fact if plaintiff were successful in obtaining information related to the listed factors, it would in effect broaden this Court's June 14, 2016 ruling as to what pre-employment records are relevant and discoverable.

Furthermore, plaintiff has provided no reason why this Court should disregard defendants' assertion that the documents do not contain any evidence of a propensity toward violence, assaultive behavior, and/or excessive force. As one court has noted, "[o]ur judicial system generally relies on litigants to tell the truth and participate in discovery in good faith." McMunn v. Mem'l Sloan-Kettering Cancer Ctr., 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002); see also Speckman v. Minnesota Min. & Mfg. Co., 7 F. Supp. 2d 1030, 1032 (D. Neb. 1997) (noting that "[c]ircumventing the discovery process is not to be taken lightly; in fact, such actions have resulted in serious sanctions in other circumstances.") Having failed to show that defendants' answers to the request for production are somehow deficient, this Court declines to grant plaintiff's motion for an *in camera* review of documents. Accordingly, it is

ORDERED that Plaintiff's Motion for an In Camera Review of Documents (Doc. #53), is denied.

> */s/ Sarah W. Hays*
> SARAH W. HAYS
> UNTIED STATES MAGISTRATE JUDGE